# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                                             **Case No. 01-CR-166**

**BRIAN WALLS,**
        **Defendant.**

## ORDER

On October 11, 2002, I sentenced defendant Brian Walls to 210 months prison on his guilty pleas to armed bank robbery and abduction to avoid apprehension, along with $8810 in restitution to the victim-bank. Regarding the restitution, I indicated that defendant was to participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program while incarcerated and to pay any balance remaining on release at a rate of not less then $150.00 per month to commence sixty days after release. He took no appeal, but now petitions to vacate the restitution order on the ground that I failed to set a payment schedule during incarceration, thus improperly delegating responsibility for setting a schedule to the BOP.

Defendant did not appeal the restitution order, and he provides no jurisdictional basis for his petition, filed nearly seven years post-judgment. Instead, he asks that the sentence be vacated with regard to the restitution order and the matter remanded for re-sentencing, as if the case were on direct appeal. A restitution order is part of a defendant's sentence, and if he wishes to challenge it he is generally required to so on direct appeal, not later. See, e.g., United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007); Barnickel v. United

States, 113 F.3d 704, 705-06 (7th Cir. 1997). The district court's ability to modify a previously imposed sentence is strictly limited by Fed. R. Crim. P. 35.

Further, there was no improper delegation here. In this Circuit, district courts are not to dictate restitution payment schedules during a defendant's confinement:

> [L]eaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.

United States v. Sawyer, 521 F.3d 792, 796 (7th Cir. 2008), cert. denied, 129 S. Ct. 897 (2009). Sawyer specifically rejected the Second Circuit's approach, id. at 795, upon which defendant relies, see United States v. Kinlock, 174 F.3d 297, 301 (2d Cir. 1999) (citing United States v. Mortimer, 94 F.3d 89 (2d Cir. 1996); United States v. Porter, 41 F.3d 68 (2d Cir. 1994)). Thus, there was no error in setting a specific payment schedule to commence upon defendant's release from prison.

**THEREFORE, IT IS ORDERED** that defendant's petition (R. 73) is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 17th day of June, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

2
Case 2:01-cr-00166-LA   Filed 06/17/09   Page 2 of 2   Document 74